IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT LEE JENKINS,

    Plaintiff,

  v.

G. GARCIA; S. HERRERA; S. SALAS; J. VERNON,

    Defendants.
                                /

No. C 20-4420 WHA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff is a California prisoner who filed this pro se complaint under 42 U.S.C. § 1983 against prison officials for improperly paying funds from his trust account to the federal court for partial filing fees in several of plaintiff's civil rights cases. For the reasons discussed below, the complaint is **DISMISSED** for failure to state a cognizable claim for relief. Leave to proceed in forma pauperis is granted in a separate order.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which a plaintiff seeks to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(e). In its review the court must dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff alleges that defendants have improperly paid money from his trust account to the federal court for initial partial payment of filing fees in several of plaintiff's civil rights cases. Plaintiff claims that these actions violated his right to due process.

Neither the negligent nor intentional deprivation of property states a due process claim under section 1983 if the deprivation was random and not authorized by state law. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). If the deprivation of property was in fact authorized by state law, however, the availability of a post-termination tort action does not necessarily provide due process. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982). Plaintiff alleges that the withdrawal of his funds was not random and unauthorized. This does not mean

that his right to due process was implicated. The alleged authority for defendants to take his money was not state law. Rather, it was the federal court's orders to pay partial filing fees that purportedly authorized defendants to withdraw the funds. There is no legal authority providing that an inmate's right to due process is implicated when state officials deprive an inmate of property under federal court authority. Plaintiff's remedy, if any, for his claim that the federal court orders did not authorize prison officials to pay the funds is to seek a refund of the funds from the federal court to which such funds were paid.

Plaintiff seeks $25,000 in damages, although defendants disbursed less than $200 from his account. Under the PLRA, he may not obtain damages for emotional distress because he did not suffer any physical injury. 42 U.S.C. § 1997e(e). The most he can obtain is compensatory damages, or a refund of any overpayments, which, as discussed, he must seek from the federal court to which such funds were paid.

## CONCLUSION

For the reasons set out above, this case is **DISMISSED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November  19 , 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3